[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION TO DISMISS OR IN THE ALTERNATIVE AN ORDER IN LIMINE (DOCKET ENTRY NO. 117, 117.50)
Plaintiff has moved to dismiss or in the alternative for an order in limine that paragraph 10 of the defendant's Motion for Contempt dated May 15, 1998, be dismissed or declared invalid as a matter of law alleging this court has no subject matter jurisdiction as there is no requirement in the parties' Separation Agreement of December 21, 1988 that the plaintiff collect rental income and/or rent the former marital residence.
In determining this issue, it is necessary to examine the defendant's Motion for Contempt and more particularly paragraph 10 thereof. Paragraph 10 states as follows:
 "That despite the order of the court, the Plaintiff collected rental income for the rental of the former marital residence which she neglected and failed to place on the market for sale when she moved out of said residence." (Emphasis supplied.)
CT Page 10672
In defendant's claims for relief in paragraph 3, the defendant seeks from the plaintiff "all monies derived from the rental of themarital residence from the date of the youngest child's graduation from high school in June of 1996." (Emphasis supplied.)
Both parties are arguing about imputed rental, that is, rental for a period when the apartment was not rented. While it is unclear from defendant's Memorandum in Opposition to plaintiff's motion, it appears that it may have been a period from April, 1993 to September, 1997. However, this issue is not presently raised by the defendant's Motion for Contempt, either in paragraph 10 thereof or in the claims for relief.
Clearly, the court has jurisdiction to determine the issue of contempt and to determine an arrearage, if any, for the plaintiff's disregard or failure to obey the court's orders.
So much of the motion as seeks dismissal of the defendant's Motion for Contempt is denied.
Treating plaintiff's motion as one in limine, the question posed by counsel is: "Does the plaintiff have a duty to rent the apartment and, if the apartment is not rented, is she required to pay the defendant an imputed rental?" On this question, defendant argues the provisions of Article XII of the parties' agreement which provides, in part, as follows:
 "Any court of competent jurisdiction will have the authority to interpret any of the terms of this Agreement and provide solutions for any difficulties which may arise in order to effectuate the spirit of the Agreement, including, but not limited to, provisions regarding custody, visitation, support or property settlements."
As has been stated recently by the Supreme Court in Eldridge v. Eldridge, 244 Conn. 523 at 529 (1998):
 "The contempt remedy is particularly harsh . . . and may be founded solely upon some clear and express direction of the court. . . . One cannot be placed in contempt for failure to read the court's mind. . . . Citing Blaydos v. Blaydos, 187 Conn. 464, 467 (1982).
CT Page 10673
Plaintiff is correct. There is no direction that the plaintiff rent the apartment, so the plaintiff cannot be found in contempt for failing to do something that was not ordered to be done.
A judgment of dissolution may be enforced by either party by proceeding on the Separation Agreement by way of a contract action or proceeding with a contempt action on the judgment or both. Whitney v. Heublein, 145 Conn. 154 (1958). Since there is no requirement to rent, the plaintiff cannot be found in contempt. The separation agreement survives the decree of dissolution and may be enforced by a civil action on the contract.
Since the plaintiff may not be found in contempt, any evidence regarding imputed rent is irrelevant, immaterial and may be prejudicial. The Motion in Limine is, therefore, granted. Defendant's cause of action, if any, lies in an action on the contract.
Motion to Dismiss — Denied.
Motion in Limine — Granted.
EDGAR W. BASSICK, III JUDGE TRIAL REFEREE